IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| THOMAS QUEZADA, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 6:10-CV-00672 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | § § § | LED-JDL |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Thomas Quezada's Attorney Kami Nedbalek's Motion for Award of § 406(b) Attorney Fees. (Doc. No. 25.) The Commissioner has filed a response (Doc. No. 26) and Ms. Nedbalek has filed a reply. (Doc. No. 27.).

On June 26, 2017, the Court ordered Ms. Nedbalek to file a supplemental brief addressing certain discretionary windfall factors and attaching 1) her engagement agreement with her client and 2) a declaration indicating that in the event her Motion for Fees pursuant to §406(b) is granted, she will refund the amount of her EAJA award, $ 8,805.75, to Mr. Quezada. (Doc. No. 28.) Ms. Nedbalek submitted her supplemental brief on July 10, 2017, six days after the Court's prescribed deadline. (Doc. No. 29.) Pursuant to a further Court Order (Doc. No. 30), Ms. Nedbalek then submitted a Motion for Extension of Time to file her supplemental brief (Doc. No. 31), explaining the reason for her tardiness. The Motion for Extension of Time indicates that Ms. Nedbalek noted down the incorrect deadline to file the supplemental brief and, after the deadline had already passed, realized her mistake. (Doc. No. 31.) While Ms. Nedbalek's failure to meet her original deadline and explanation for the failure are troubling, the Court granted Ms. Nedbalek's

1

Motion for Extension of Time (Doc. No. 32) and proceeds to consider the merits of Ms. Nedbalek's Motion for Fees below.[1]

Plaintiff initiated this lawsuit on December 20, 2010, seeking judicial review of the Commissioner's decision denying his application for Social Security benefits. (Doc. No. 1.) On August 14, 2012, this Court issued a Report and Recommendation reversing and remanding this matter for reconsideration by the Commissioner. (Doc. No. 19.) The District Court adopted the Report and Recommendation and entered Final Judgment on September 10, 2012. (Doc. No. 20.) Plaintiff then applied for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 1412. (Doc. No. 21.) On December 17, 2012, the Court granted-in-part and denied-in-part the motion, awarding Plaintiff the sum of $8,805.75 pursuant to the EAJA. (Doc. No. 24.)

Meanwhile, upon remand, the Commissioner issued a favorable decision to Plaintiff. Ms. Nedbalek submits a letter from the Commissioner indicating that the Commissioner has withheld $36,708.75 of the total amount of Plaintiff's award in anticipation of direct payment of attorney's fees. (Doc. No. 25, Ex. 1.)

On June 9, 2017, Ms. Nedbalek filed the instant Motion seeking approval of attorney's fees under the Social Security Act (the "Act"), 42 U.S.C. § 406(b), in the amount of $36,708.75, based on a 25% contingent fee contract with Plaintiff. (Doc. No. 25.) Ms. Nedbalek did not submit her fee agreement with Plaintiff to support her original Motion, but included it in her court-ordered supplemental brief. (Doc. No. 29, Ex. 1.) The agreement was signed on December 1, 2010 and states, in part, "[m]y attorney will seek approval of 25% of all past due

---

[1] In the future, Ms. Nedbalek's failure to comply with court ordered deadlines and cavalier attitude toward such failure may result in the striking of pleadings; monetary sanctions, including reduction of fee requests; and/or suspension from practice before this court.

benefits due me." (*Id.*) The agreement also indicates, "[i]f my attorney receives both EAJA fees and fees from my benefits for the same work, then she will refund the lower of the two fees to me." (*Id.*)

Ms. Nedbalek argues that her contingency fee agreement with Plaintiff is reasonable. (Doc. No. 25 at 2.) She maintains that the 51.6 hours she spent working on behalf of Plaintiff directly resulted in this Court's decision to remand the case, wherein Plaintiff ultimately prevailed. (*Id.*; *see also* Doc. No. 25, Ex. 2.) Ms. Nedbalek argues she did not delay the case, recognized the determinative issue, and produced a substantive opening brief and reply brief in support of her client. (Doc. No. 25 at 2, 3.) Ms. Nedbalek states that her legal practice focuses exclusively on Social Security disability cases and that she only accepts cases on contingency-fee bases. (Doc. No. 25 at 2.)

In response, the Commissioner raises questions about the reasonableness of Ms. Nedbalek's requested fee award and suggests that the Court obtain clarifications from Ms. Nedbalek. (Doc. No. 26 at 4.) The Commissioner notes that Ms. Nedbalek did not offer evidence of her regular billing rate to use as a comparison in assessing the reasonableness of the total award. (Doc. No. 26 at 4.) The Commissioner also disputes the 51.6 total billing hours that Ms. Nedbalek reports in her Motion, arguing that the Court should rely on the reduced 48.9 total hours approved in the previous award of fees under the EAJA. (*See* Doc. No. 26 at 4; Doc. No. 24 at 8, 9.) The Commissioner further argues that approval of the entire requested fee amount would be a "windfall" for Ms. Nedbalek. (Doc. No. 26 at 4.)

The Social Security Act provides that when a court and ultimately an ALJ renders a judgment favorable to a claimant who was represented by an attorney in a Social Security disability matter, the court may determine and allow as part of its judgment a reasonable fee for

such representation, not in excess of 25 percent of the total for past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1). The court must exercise its sound discretion in determining whether fees pursuant to § 406(b) are reasonable. *See Gisbrecht*, 535 U.S. at 793; *Jeter v. Astrue*, 622 F.3d 371, 374 (5th Cir.2010). Courts consider at least three factors in making this determination: (1) quality of the representation; (2) whether counsel was responsible for delay in the litigation while benefits accumulate during the case; or (3) whether the award is a "windfall" for counsel. *Gisbrecht*, 535 U.S. at 808; *Jeter,* 622 F.3d at 377. With respect to the "windfall" determination, while courts are not required to consider a precise list of factors, some potential factors to consider include "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010) (*citing Brannen v. Barnhart*, No. 1:99-cv-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)). Large § 406(b) awards that far exceed an attorney's usual hourly rate are not unreasonable *per se*. *See Paul v. Colvin*, No. 3:12-CV-0130-G BH, 2014 WL 1724845, at *3 (N.D. Tex. Apr. 30, 2014) (citing multiple cases where § 406(b) awards equated to high hourly billing rates, but were found to be reasonable). Ultimately, if a court were to determine that an attorney fee award represents a windfall, the court would need to "articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage." *Id.*

Ms. Nedbalek's initial briefing lacked critical pieces of evidence and thoughtful explanation, as well as necessary case law. However, the Court permitted supplemental briefing and Ms. Nedbalek cured the procedural deficiencies the Commissioner noted in her brief.

Upon review, Ms. Nedbalek qualifies under the first two factors for attorney requests. With regards to the first factor, there is no indication that Ms. Nedbalek's representation was

deficient while working for Mr. Quezada. Her brief and reply resulted in the recommendation that the case be remanded. This resulted in the awarded benefits that included the withholdings Ms. Nedbalek now requests. There is also no indication of any delay undertaken by Ms. Nedbalek during her representation of her client.

Under the "windfall" analysis, it is important to note that Ms. Nedbalek took considerable risk with a contingency-based case. *Jeter*, 622 F. 3d at 379 ("Although in some instances a twenty-five percent contingency fee may result in a seemingly large fee, a particular claimant's attorney often is not compensated at all for Social Security work in federal court"); *see also Wilson v. Berryhill*, No. 3:13-CV-1304-N-BH, 2017 WL 1968809, at *2 (N.D. Tex. Apr. 07, 2017); *DeVaul v. Commissioner, Soc. Sec. Admin.*, No. 6:07-CV-418, 2012 WL 314189, at *3 (E.D. Tex. Feb. 1, 2012). The Commissioner notes that Ms. Nedbalek failed to show what her hourly rate was, and argues that even so the hourly rate of either $711.41 or $750.69 constitutes a windfall.[2] However, Ms. Nedbalek only takes contingency based cases due to her focus on Social Security disability cases, and other courts have found far higher hourly rates are acceptable under § 406(b). *See Wilson*, 2017 WL 1968809, at *2 (finding $937.50 per hour acceptable); *Sabourin v. Colvin*, No. 3:11-CV-2109-M, 2014 WL 3949506, at *1 (finding that an hourly rate of $1,245.55 was not *de facto* inappropriate, but analyzed all applicable factors and lowered the amount to 747.33 per hour); *Prude v. U.S. Com'r, Soc. Sec. Admin.*, No. 11-CV-1266, 2014 WL 249033, at *2 (W.D. La. Jan. 22, 2014) (finding an hourly fee of 937.50 acceptable). The proposed amount of either $711.41 or $750.69 per hour is therefore reasonable considering the risk of contingency-based rates.

---

[2] The Commissioner found these amounts by taking the total requested amount of $36,708.75 and dividing it by the hours provided by Ms. Nedbalek (51.6 hours) and the EAJA hours used (48.9 hours).

Further, no other factor appears to weigh against the requested amount.  Because Ms. Nedbalek's practice focuses on Social Security Benefits, she has considerable experience in this area.  Ultimately she was successful in obtaining the relief Plaintiff sought.  Although neither side has provided the total amount Plaintiff was awarded, there is no indication that the fees sought are above the 25% amount provided for under § 406(b).  Therefore, Plaintiff likely received benefits that have considerable value to him.  Finally, although not determinative, Plaintiff did agree to a 25% contingency or an EAJA award, whichever was larger.  After weighing all relevant factors, the Court finds that this contingency fee award is not a "windfall" under § 406(b).

Accordingly, the Court finds that Ms. Nedbalek's requested fees pursuant to § 406(b) are reasonable.  The Court thus **GRANTS** Ms. Nedbalek's Motion for Award of § 406(b) Attorney Fees.  (Doc. No. 25.)  Counsel is awarded $36,708.75 in attorney's fees out of Plaintiff's past-due benefits pursuant to 42 U.S.C. § 406(b).

It is further **ORDERED** that, concomitant with the award of attorney fees under § 406(b) herein, Movant shall refund the amount of $ 8,805.75 to Plaintiff.

**So ORDERED and SIGNED this 8th day of August, 2017.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE